McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEAN RAY McLAUGHLIN,<br><br>Defendant. | Case No: 1:19-cr-00097-DAD-BAM<br><br>**STIPULATION TO CONTINUE JULY 27, 2020 STATUS CONFERENCE TO SEPTEMBER 28, 2020; ORDER**<br><br>Ctrm:   8<br><br>Hon. Barbara A. McAuliffe |

This case is set for a status conference on July 27, 2020. On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

///

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and David A. Torres, counsel for defendant Dean Ray McLaughlin ("defendant"), that this action's **Monday, July 27, 2020 status conference be continued to Monday, September 28, 2020, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The government sent a plea offer in the form of a written plea agreement to the defense.  The defense is considering the government's offer, and the defense has determined that it is in defendant's best interest to be psychologically examined prior to providing the government with his response.  On this end, and although a formal report has not yet been prepared and distributed, defendant met with a psychologist earlier this week.

2. Once defendant's psychological analysis is complete, the parties anticipate being able to determine soon thereafter the extent this matter will need to be set for trial, or alternatively can be resolved through defendant's change of plea.  If defendant accepts the government's plea offer, the parties agree that he may need up to sixty (60) days from the execution and filing of the plea agreement by which to get his affairs in order prior to entering his change of plea in court and through a Rule 11 colloquy.  The parties likewise anticipate that they will be able to advise the court by the continued status conference date (September 28, 2020)

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

whether a trial date will need to be set. If they are able to reach a resolution prior to this date, they will notify the court and ask that a change of plea hearing be set.

3. The parties therefore stipulate that the period of time from July 27, 2020, through September 28, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: July 17, 2020                       MCGREGOR W. SCOTT
                                           United States Attorney


                                    By:   /s/ BRIAN W. ENOS
                                          BRIAN W. ENOS
                                          Assistant United States Attorney


                                          (*As authorized 7/17/20*)

Dated: July 17, 2020                By:   /s/ David A. Torres
                                          David A. Torres, Esq.
                                          Attorney for Defendant
                                          Dean Ray McLaughlin

# **O R D E R**

IT IS ORDERED that the status hearing currently set for July 27, 2020 at 1:00 pm is continued until **September 28, 2020, at 1:00 pm before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from July 27, 2020 through September 28, 2020 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **July 17, 2020**              /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE