1  McGREGOR W. SCOTT
   United States Attorney
2  BRIAN W. ENOS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, Ca 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,            Case No: 1:19-cr-00097-DAD-BAM

12                      Plaintiff,        **STIPULATION TO CONTINUE SEPTEMBER
                                          28, 2020 STATUS CONFERENCE TO
13                                        OCTOBER 26, 2020; ORDER**

14           v.
                                          Ctrm:     8
15
                                          Hon. Barbara A. McAuliffe
16  DEAN RAY McLAUGHLIN,

17                      Defendant.

18

19

20        This case is set for a status conference on September 28, 2020.  On April 17, 2020, this Court

21  issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled

22  to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date

23  after June 1.  This and previous General Orders were entered to address public health concerns related to

24  COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order

25  617 and extended the court's "judicial emergency for an additional one-year period and suspending the

26  time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

27  ///

28                                          1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

2

1    In light of the societal context created by the foregoing, this Court should consider the following

2  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3  justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

4  for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

5  (noting any pretrial continuance must be "specifically limited in time").

6                                                    **STIPULATION**

7    THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant

8  United States Attorney Brian W. Enos, counsel for the government, and David A. Torres, counsel for

9  defendant Dean Ray McLaughlin ("defendant"), that this action's **Monday, September 28, 2020 status**

10 **conference be continued to Monday, October 26, 2020, at 1:00 p.m.**  The parties likewise ask the

11 court to endorse this stipulation by way of formal order.

12   The parties base this stipulation on good cause.  Specifically,

13  1.  The government sent a plea offer in the form of a written plea agreement to the defense.  The

14      defense is and has been considering the government's offer, and the defense has determined

15      that it is in defendant's best interest to be psychologically examined prior to providing the

16      government with his response.  On this end, defendant met with a psychologist in July 2020,

17      although a formal report has not yet been prepared and distributed.

18  2.  Although defendant's psychological analysis is complete, the logistical hurdles presented by

19      the pandemic has prevented the defense from completing its evaluation of government's plea

20      offer through the point of being able to determine the extent this matter will need to be set for

21      trial, or alternatively can be resolved through defendant's change of plea.  The defense

22      anticipates being able to complete its evaluation in this regard within the next four weeks.  If

23      the parties are able to resolve this case beforehand, they will execute and file a plea

24      agreement and ask the court to set a change of plea hearing.  If not, they will be prepared to

25

26

27        [1] The parties note that General Order 612 acknowledges that a district judge may make
   "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
28 Cal. March 18, 2020).

                                                          3

1    select a trial date at the continued status conference.

2    3.  If defendant accepts the government's plea offer, the parties agree that he may need up to

3        sixty (60) days from the execution and filing of the plea agreement by which to get his affairs

4        in order prior to entering his change of plea in court and through a Rule 11 colloquy.

5    4.  The parties therefore stipulate that the period of time from September 28, 2020, through

6        October 26, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and

7        3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the

8        parties' request on the basis of the Court's finding that the ends of justice served by taking

9        such action outweigh the best interest of the public and the defendant in a speedy trial.

10   IT IS SO STIPULATED.

11

12   Dated:  September 17, 2020                      MCGREGOR W. SCOTT
                                                     United States Attorney
13

14                                          By:  /s/ BRIAN W. ENOS
                                                 BRIAN W. ENOS
15                                               Assistant United States Attorney

16

17                                               (*As authorized 9/17/20*)

18   Dated: September 17, 2020            By:    /s/ David A. Torres
                                                 David A. Torres, Esq.
19                                               Attorney for Defendant
                                                 Dean Ray McLaughlin
20

21

22

23

24

25

26

27

28

1

## **<u>ORDER</u>**

2

3        IT IS SO ORDERED that the Status Conference is continued from September 28, 2020 to **October**

4   **26, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**  Time is excluded pursuant to

5   18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

6

7   IT IS SO ORDERED.

8        Dated:    **September 17, 2020**            /s/ *Barbara A. McAuliffe*

9                                             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        5