McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>          v.<br><br>DEAN RAY McLAUGHLIN,<br><br>                           Defendant. | Case No: 1:19-cr-00097-DAD-BAM<br><br>**STIPULATION TO CONTINUE DECEMBER 9, 2020 STATUS CONFERENCE TO JANUARY 13, 2021; ORDER**<br><br>Ctrm:    8<br><br>Hon. Barbara A. McAuliffe |

    This case is set for a status conference on Wednesday, December 9, 2020.  On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

    Although the General Orders address the district-wide health concern, the Supreme Court has

1

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and David A. Torres, counsel for defendant Dean Ray McLaughlin ("defendant"), that this action's **Wednesday, December 9, 2020 status conference be continued to Wednesday, January 13, 2021, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The government sent a plea offer in the form of a written plea agreement to the defense early this year.  The defense is and has been considering the government's offer, and the defense determined that it would be in defendant's best interest to be psychologically examined prior to providing the government with his response.  On this end, defendant met with and was examined by a psychologist in July 2020.

2. Although defendant's psychological analysis is complete, logistical hurdles presented by the pandemic and defense counsel's trial schedule has prevented the defense from completing its evaluation of government's plea offer through the point of being able to determine the extent this matter will need to be set for trial, or alternatively can be resolved through defendant's change of plea.  This evaluation may require further defense access to electronic evidence in this case, as provided by relevant provisions of the Adam Walsh Act, and if so, counsel for the government will work with the defense to arrange for this review to take place.  Since the filing of the parties' last stipulation, however, defense counsel has had four trials set in state court which are expected to conclude by early December 2020.  Since the last stipulation and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

order filed in this case this past October, defense counsel has been heavily leveraged both on preparing for, as well as attending, these trials.

3. Last week, however, defense counsel's most recent trial was temporarily suspended prior to the close of evidence in light of the prosecuting attorney (in state court) contracting COVID. Defense counsel is using his more flexible schedule this week to meet with defendant and assess the extent this matter can be resolved short of trial.

4. If the parties are able to resolve this case before their proposed continuance date, they will execute and file a plea agreement and ask the court to set a change of plea hearing. If not, they will be prepared to select a trial date at the continued status conference.

5. If defendant accepts the government's plea offer, the parties agree that he may need up to sixty (60) days from the execution and filing of the plea agreement by which to get his affairs in order prior to entering his change of plea in court and through a Rule 11 colloquy.

6. The parties therefore stipulate that the period of time from December 9, 2020, through January 13, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  December 1, 2020                                MCGREGOR W. SCOTT
                                                        United States Attorney


                                                By:  /s/ Brian W. Enos
                                                     Brian W. Enos
                                                     Assistant United States Attorney


                                                     (*As authorized 12/1/20*)

Dated: December 1, 2020                         By:  /s/ David A. Torres
                                                     David A. Torres, Esq.
                                                     Attorney for Defendant
                                                     Dean Ray McLaughlin

4

**O R D E R**

IT IS ORDERED that the status hearing currently set for December 9, 2020 at 1:00 p.m. is continued until **January 13, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from December 9, 2020 through January 13, 2021 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **December 2, 2020**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

5