McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:19-cr-00097 DAD/BAM |
| Plaintiff, | **STIPULATION TO VACATE JANUARY 13, 2021 STATUS CONFERENCE AND SET FEBRUARY 8, 2021 CHANGE OF PLEA HEARING; ORDER** |
| v. | |
| | Ctrm:   8 |
| DEAN RAY McLAUGHLIN, | Hon. Barbara A. McAuliffe |
| Defendant. | |

This case is set for a status conference on Wednesday, January 13, 2021.  On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

Although the General Orders address the district-wide health concern, the Supreme Court has

1

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and David A. Torres, counsel for defendant Dean Ray McLaughlin ("defendant"), that this action's **Wednesday, January 13, 2021 status conference be vacated and that a change of plea hearing be set for Monday, February 8, 2021, at 9:00 a.m., in Courtroom 5.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The government sent a plea offer in the form of a written plea agreement to the defense in 2020. While the defense considered the government's offer, it determined that it would be in defendant's best interest to be psychologically examined prior to providing the government with his response. On this end, defendant met with and was examined by a psychologist in July 2020.

2. After this examination took place, defense counsel was able to communicate with defendant while in custody, and completed its evaluation of the government's plea offer. A plea agreement was fully executed by both the defense and the government, and filed with the court on December 22, 2020. Although defense counsel is in the midst of participating in multiple jury trials in state court, the parties are able to appear at a change of plea hearing on February 8, 2021.

3. Once the change of plea hearing takes place, the parties agree that defendant may need upwards of sixty-to-ninety (60-90) days therefrom by which to get his affairs in order prior to

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

sentencing.

4. The parties therefore stipulate that the period of time from January 13, 2021, through February 8, 2021, is deemed excludable pursuant to 18 U.S.C. §§ (h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. In addition, time resulting during the court's consideration of a proposed plea agreement to be entered into by the defendant and the Government is likewise excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(G).

IT IS SO STIPULATED.

Dated: January 5, 2021                          MCGREGOR W. SCOTT
                                                United States Attorney

                                            By:  /s/ Brian W. Enos
                                                 Brian W. Enos
                                                 Assistant United States Attorney


                                                (*As authorized 1/5/21*)

Dated: January 5, 2021              By:     /s/ David A. Torres
                                            David A. Torres, Esq.
                                            Attorney for Defendant
                                            Dean Ray McLaughlin

4

**O R D E R**

IT IS ORDERED that the status hearing currently set for January 13, 2021 at 1:00 pm is vacated, and a change of plea hearing shall be set to take place in Courtroom 5 on Monday, February 8, 2021 at 9:00 am.

IT IS FURTHER ORDERED THAT the period of time from January 13, 2021 through February 8, 2021 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the bases of the Court's finding that: (1) the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and (2) the court is considering the proposed plea agreement to be entered into by the defendant and the Government.

IT IS SO ORDERED.

Dated: **January 5, 2021**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE